# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2026

Lyle W. Cayce
Clerk

_____

No. 25-30432

_____

Michael Molitor,

*Plaintiff—Appellant*,

*versus*

City of Sulphur,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:24-CV-114

_____

Before Elrod, *Chief Judge*, and Higginbotham and Graves, *Circuit Judges*.

Per Curiam:[*]

Michael Molitor, a former captain for the Sulphur, Louisiana police department, was twice punished for excessive "parking up"—sitting in one spot when he should have been on patrol.[1] In 2019, the department

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] There are legitimate reasons for "parking up" such as writing a report or completing administrative tasks, but Molitor points to no record evidence that his excessive "parking up" could be justified in this way.

suspended him for nine days. And in 2022, when Molitor started excessively "parking up" again, the department suspended him for fourteen days; demoted him to sergeant; mandated burnout counseling; and banned him from taking his police cruiser to a top "parking up" spot (his girlfriend's house).

Molitor sued the City. He argues the 2022 sanctions were actually retaliation: either First Amendment retaliation for publicly "engag[ing] in a polyamorous relationship" with both "his wife and former girlfriend," or ADA retaliation for defending another officer from "illegal" COVID antibody testing requirements. The district court granted summary judgment for the City on both claims. We AFFIRM.

Assuming without deciding that Molitor makes a *prima facie* case of ADA retaliation, he fails to rebut the City's legitimate, non-discriminatory reason for discipline: "the amount of undisputed time [Molitor] was parked instead of patrolling the streets of Sulphur or responding to calls" (in the district court's words). *See January v. City of Huntsville*, 74 F.4th 646, 653 (5th Cir. 2023). Molitor does not establish that the City's reason was pretext. *See id.* He compares himself to other Sulphur police captains who "parked up," but this effort fails as Molitor was not similarly situated. Molitor himself conceded that of all four captains in Sulphur he "had the least number of miles patrolled and the most hours parking up . . . in the same location," and no other had been suspended.

The First Amendment retaliation claim fails for the same reasons. We express no opinion about whether Molitor's speech and activities are protected or are a matter of "public concern." *See Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 220 (5th Cir. 1999). Even assuming Molitor's activity was protected by the First Amendment, he has not shown that a reasonable jury could find that his discipline was pretext for retaliation. The

No. 25-30432

City "can escape liability, because it would have [disciplined him] for other reasons." *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 604 (5th Cir. 2001) (collecting cases).

AFFIRMED.